## STATE v. GADSDEN.

A., the owner and cultivator of a field, gave to B. a verbal, vague and voluntary permission to plant therein a patch of turnips, without consideration, or particular mention of any part of the field, and afterwards the wife of A., with his consent, cut the turnips up. *Held,* that B. did not have such possession of real property as would support an indictment against the wife of A. for malicious trespass under the statute. *Gen. Stat.,* § 2501.

Before ALDRICH, J., Georgetown, March, 1883.

The opinion fully states the case.

*Mr. R. Dozier*, for appellant.

No counsel contra.

March 1st, 1884. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an indictment for mali-
cious trespass under the act of 1857, *Gen. Stat.*, § 2501. Billy
Gadsden, the husband of the defendant, owned a field and worked
it, but it seems that he gave to one Moses Myers permission to
plant a patch of turnips in it. There was no writing and there
was conflict of testimony as to whether permission was given. If
so, it certainly was a mere verbal, vague, voluntary permission,
without consideration or particular mention of any part of the
said field. Myers did plant turnips in a part of it, and in Octo-
ber, Silvy Gadsden, the wife of Billy, the owner, and with his
consent, cut them up; and for that act Myers indicted her for a
malicious trespass.

The counsel for the defendant requested the judge to charge,
" That if they come to the conclusion that Myers only had per-
missive use of the land to plant, without contract or considera-
tion, such use was what is known in law as 'leave and license,'
and the party giving it, or one with his consent, could put a stop
to it at any time without being liable to a criminal prosecution
under the statute." The judge refused the request, but charged,
" That if they believed Moses Myers had permission from Billy
Gadsden to have the land from the first of March until the crop
was made and moved, and in consequence thereof he had expended
his time and labor in preparing the land and in planting and cul-
tivating the crop, then he had the possession mentioned in the
statute, and the act complained of was the trespass contemplated
by the law—that he could not be removed from the land until
the crop was removed."

The jury found the defendant "guilty," and she appeals to
this court and makes substantially these points: First, that " the
possession of real property," necessary to sustain a criminal prose-

cution under the act, is that actual, exclusive possession of the soil, or some part of it, which would authorize an action of trespass, *q. c. f.*, against an intruder thereon ; and second, " that the evidence showed that the prosecutor, Myers, had no such possession of any part of the field, but at most had only a vague, verbal license to plant turnips, which, being without consideration, was revocable at the pleasure of the owner ; or, if not so revocable after the turnips had been planted, that for a revocation or interruption of it his only remedy was a civil action for damages."

Before the act of 1857, a mere trespass upon property, real or personal, was not a criminal offense punishable with fine and imprisonment, and therefore, when one is indicted under that statute, it is necessary to show that the act complained of is covered and provided for by the statute. It is not pretended that this case falls within section 2500 of general statutes, for " cutting, shooting or maiming " live stock or personal property of that kind ; but the claim is that the facts bring it within section 2501, which provides as follows : " Whoever shall willfully, unlawfully and maliciously cut, mutilate, deface, or otherwise injure any tree, house, outhouse, fence or fixture of another, or commit any other trespass upon real property in possession of another, shall be guilty of a misdemeanor," &c. It cannot be claimed that the defendant Silvy defaced or injured any house, fence or other fixture of Myers, so that the only question is, whether, in cutting up the turnips on her husband's land, she committed a trespass upon " real property in the possession " of Myers.

What was meant by the phrase, " real property in the possession of another " ? There are several kinds of possession of land described in the books : constructive, virtual and actual, and sometimes these different kinds overlap each other and conflict. *McColman* v. *Wilkes*, 3 *Strobh.* 465. But it is clear that, in no point of view, can Myers be considered to have constructive or virtual possession. He held no such relation to the property as to give him such possession. If he did not have actual possession he had none. As the field belonged to Gadsden, and was cultivated by him, Gadsden had actual, or, at least, virtual possession of the whole, which excluded the actual possession of

another unless that other could show that some particular part of it had been placed in his exclusive possession, as in the case of the owner putting another into possession of a house on his land. *Caldwell* v. *Julian*, 2 *Mill. Con. R.* 294.

The question then is reduced to this, Did the permission to plant turnips on the land amount to a verbal leave of so much of it as Myers chose to plant, or only a license to plant turnips on the land in the possession of Gadsden? Whether it was a leave or a license depends upon the intention of the parties, and all the circumstances would seem to indicate that it was a mere license, and gave no exclusive possession to any part of the field itself. A license is defined to be "an authority to do an act which would otherwise be a trespass. A license passes no interest, and, therefore, if A. grants to B. a right to fasten barges to moorings in a river, this does not amount to a demise, nor give the licensee an exclusive right to the use of the moorings, nor render him liable to be rated as the occupier of part of the bed of the river; hence, also, if a person by deed grants an exclusive license for the use of land, this may amount to a lease or to the grant of an incorporeal hereditament." 2 *Rap. & Lawr. Dict.* 753, *title "License."* "A right to erect a mill upon the land of another is an incorporeal hereditament." *Trammell* v. *Trammell*, 11 *Rich.* 471. So, also, is a grant of the use of timber on the grantor's land, and trespass *quare clausum fregit* will not lie for injury done to an incorporeal right. *Clark* v. *Way, Id.* 621; *Vance and Wife* v. *Beatty*, 4 *Rich.* 104.

We do not decide the question as to whether the license was revocable after Myers had so far executed it as to plant the turnips. If it was then irrevocable, the remedy of the party was by civil action for damages. We only hold that there was no such possession by Myers as to sustain an indictment for malicious trespass under the act.

The judgment of this court is that the judgment of the Circuit Court be reversed.